IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHANE DAVID LAYER,                )
    Petitioner,              )     Civil Action No. 11-54 Erie
                                  )
v.                                )     District Sean J. McLaughlin
                                  )     Magistrate Judge Susan Paradise Baxter
ARCHIE B. LONGLEY,                )
    Respondent.              )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by federal prisoner Shane David Layer be denied and that this case be closed.

**II.    REPORT**

Pending before the Court is the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Shane David Layer. He challenges a disciplinary action taken at the Federal Correctional Institution, McKean, in connection with Incident Report No. 1950328, which was issued on December 2, 2009. Layer challenges the Discipline Hearing Officer's ("DHO's") findings and sanctions for committing the prohibited act of Making, Possessing or Using Intoxicants and Possession of Anything Not Authorized. As relief, he seeks the restoration of the good conduct time disallowed by the DHO as a result of the disciplinary action.

    **A.     Relevant Background**

On December 2, 2009, Incident Report No. 1950328 was issued charging Layer with Making, Possessing or Using Intoxicants, in violation of Code 222, and Possession of Anything Not Authorized,

1

in violation of Code 305. (ECF No. 8-1 at 17-18, Resp's Ex. 2a, Incident Report No. 1950328). The reporting officer wrote:

> On December 2, 2009, I conducted a search in cell 225 in unit BB. During this search I found a large amount of homemade intoxicants behind the toilet. Also I found homemade heating devices, wire, a plug in strip and dough for making intoxicants behind the toilet. Some of the intoxicants were inside bags and there was clear intoxicants in water bottles. I tested a bottle of the clear intoxicants with the alco sensor #1077612. The clear liquid tested positive with a reading of 1.610. Inmate Layer is assigned to cell 225 in unit BB.

(Id.)

Layer's DHO hearing was held on December 8, 2009. He stated at the hearing "that he did not know anything about any intoxicants in his cell and he had nothing to do with it." (ECF No. 8-1 at 25-26, Resp's Ex. 2d, DHO Report). The DHO did not credit Layer's statement and ultimately determined that he committed the prohibited acts of Making, Possessing or Using Intoxicants and Possession of Anything Not Authorized. The DHO explained his findings as follows:

> In finding you committed these prohibited acts, the DHO relied upon the reporting officer's written statement that on December 2, 2009, he conducted a search of cell 225, in unit B-B. During this search he found a large amount of homemade intoxicants behind the toilet. Also, he found homemade heating devices, wire, a plug in strip and dough for making intoxicants behind the toilet. Some of the intoxicants were inside bags and there was clear intoxicants in water bottles. He tested a bottle of the clear intoxicants with the alco-sensor #1077612. The clear liquid tested positive with a reading of 1.610. You were assigned to cell 225 in unit BB.
>
> You offered for your defense against the charges … that you did not know anything about any intoxicants in your cell and you had nothing to do with it. Additionally, you stated that inmate [redacted] could testify that you had nothing to do with any intoxicants. It should be noted that during his DHO hearing, inmate [redacted] stated to the DHO that you didn't know anything about the intoxicants. The DHO gave little weight to your defense as it has no merit in this case. Additionally, the DHO gave little credibility to inmate [redacted] statement that you had nothing to do with the intoxicants in the cell. It is common knowledge that in a correctional setting, when incidents like this take place, one inmate will take full responsibility in order to keep the other inmate from facing disciplinary action. The DHO gave greater weight to the written statement of Lt. Scott, that documents during a search of your assigned cell he found a large amount of homemade intoxicants [as] well as numerous other prohibited items behind the toilet in

your operation cell. The DHO finds it unreasonable to believe that a large scale intoxicants making operation was going on in your cell without your knowledge. You are responsible to keep all areas under your control free from contraband. Your assigned cell is an area under your control.

(ECF No. 8-1 at 25-26, Resp's Ex. 2d, DHO Report).

Layer challenged the disciplinary action against him through the Bureau of Prisons ("BOP") Administrative Remedy Process. On February 9, 2010, J.L. Norwood, the Regional Director, denied his appeal. He explained:

> [Y]ou do not deny that on December 2, 2009, while searching your cell, the reporting officer found a large amount of homemade intoxicants behind the toilet. He also found a homemade heating device, wires, a plug strip and dough located behind the toilet. The intoxicants tested positive for alcohol with a reading of 1.610. The DHO also considered photographs of the homemade intoxicants, the above-listed items and testing device. You denied having anything to do with the items found. The reporting officer stated some of the intoxicants were in bags and some was in water bottles. The DHO believed the contraband was going in your assigned cell. He did not believe you were unaware of this activating. Even if the contraband did not belong to you, it is reasonable to believe you knew the items were in the cell. All inmates are advised of their responsibility to keep their areas free of contraband. We find the DHO reasonably determined you committed the prohibited acts as charge. An admission from your cell mate does not absolve you from involvement or responsibility.

(ECF No. 1-1 at 6, Administrative Remedy Response).

After the BOP's Central Office denied his subsequent final-level appeal, Layer commenced habeas proceedings in this Court. Respondent has filed an Answer [ECF No. 8] and the relevant record.

### B.     Discussion

### 1.     The DHO's Determination Was Supported By the Requisite Degree of Evidence

Layer contends that his due process rights were violated because the DHO's decision was not supported by the weight of the evidence. In conducting habeas review, a federal court must decide whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C.

3

§ 2241(c)(3). Where, as is the case here, a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is affected, and minimal procedural guarantees are recognized. Superintendent v. Hill, 472 U.S. 445 (1985).

In Superintendent v. Hill, the U.S. Supreme Court held that requiring "a modicum of evidence to support a decision to revoke good time credits will help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." Id. at 455. The Supreme Court then held "that the requirements of due process are satisfied if some evidence supports the decision by the disciplinary board to revoke good time credits." Id. (emphasis added). Once the reviewing court determines that there is at least "some evidence" to support the findings of the DHO, the court must reject the evidentiary challenge by the petitioner and uphold the finding of the DHO. Id. "Ascertaining whether [the] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence." Id. at 455-56.

In this case, there is the requisite evidence to support the DHO's determination that Layer committed the violations with which he was charged. Layer does not dispute that the contraband and intoxicants were found in his cell. He argues that he did not know that those items were there, but the DHO did not credit this assertion and this Court is bound by that determination. For this reason alone, Layer's due process claim fails.

In addition, BOP policy and regulations instruct inmates that it is their responsibility to keep their areas free of contraband. 28 C.F.R. § 541.12 (table, at No. 4) (2009). Thus, pursuant to BOP rules and regulations, Layer's contention that the contraband and intoxicants did not "belong to him" makes no difference, because he was responsible for any items found in his cell.

Because the DHO's decision in this case is supported by the requisite evidence, Layer's due process claim must be denied.

## 2. Layer's Equal Protection Rights Were Not Violated

Layer also contends that the BOP treated him differently than other similarly situated inmates. "The Equal Protection Clause requires that all people similarly situated be treated alike." Millard v. Hufford, 415 F.App'x 348, 349 (3d Cir. 2011) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)). A petitioner who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination that had a discriminatory effect on him. Id. (citing McCleskey v. Kemp, 481 U.S. 279, 292 (1987)). "Thus, to prevail under the Equal Protection Clause, [Layer] must prove that the decisionmakers in his case acted with discriminatory purpose." McClesky, 481 U.S. at 292.

Layer has provided no evidence to support this claim. He has not cited a specific instance in which an inmate received less severe punishment for the same violations committed by him. In addition, he has failed to put forth any evidence that his disciplinary sanction was the result of purposeful discrimination. Millard, 415 F.App'x at 350 ("Millard cited various cases in which inmates received less severe punishment for the same violation committed by Millard (possession of a weapon), arguing that because he received harsher punishment than other inmates for the same offense, the punishment must have been the result of discrimination .... Millard's argument falls well short of establishing the purposeful discrimination necessary to make out an equal protection claim.") (citing McCleskey, 481 U.S. at 292 (explaining that purposeful discrimination means "that the decisionmakers in [the claimant's] case acted with discriminatory purpose.")).

Based upon all of the foregoing, Layer's equal protection claim must be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that this case be closed.[1]

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 11, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge

---

[1] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).